UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: SACV 13-1390-JLS (ANx)            Date: April 10, 2015
Title: Preslie Hardwick v. County of Orange et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:** (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 37) AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 33)

     Before the Court is a Motion for Summary Judgment filed by Plaintiff Preslie Hardwick. (Plaintiff MSJ, Doc. 37.) Defendants County of Orange, Marcia Vreeken, Elaine Wilkins, and Estate of Helen Dwojak opposed, and Plaintiff replied. (Defendants Opp., Doc. 49; Plaintiff Reply, Doc. 52.) Also before the Court is a Motion for Summary Judgment filed by Defendants. (Defendants MSJ, Doc. 33.) Plaintiff opposed, and Defendants replied. (Plaintiff Opp., Doc. 51; Defendants Reply, Doc. 54.) Having read and considered the papers and heard oral argument, the Court GRANTS IN PART and DENIES IN PART Hardwick's Motion and GRANTS IN PART AND DENIES IN PART Defendants' Motion.

**I.    BACKGROUND**

     Plaintiff Preslie Hardwick's parents, Deanna Fogarty and Cary Hardwick, divorced in 1998. (Plaintiff's Statement of Uncontroverted Facts, Doc. 37-1, ¶ 28.) Plaintiff was four or five years old at the time. (Id. ¶ 25.) Deanna retained primary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 13-1390-JLS (ANx)　　　　　　　　　Date: April 10, 2015
Title: Preslie Hardwick v. County of Orange et al.

custody of Plaintiff and her sister, Kendall.[1] (Id. ¶ 29.) Plaintiff struggled with the transition.[2] (Id. ¶ 30.) Deanna enrolled Plaintiff and Kendall in therapy with Dr. Marjorie Mitchell. (Id. ¶ 31.) After one of Kendall's sessions with Dr. Mitchell, Dr. Mitchell contacted the Orange County Child Abuse Registry hotline to report suspected child abuse. (Id. ¶ 32; Defendants' Statement of Uncontroverted Facts, Doc. 33-1, ¶ 2.) Specifically, Kendall reported that she had been "touched" by her father. (Plaintiff's Additional Facts, Doc. 51-1, ¶ 2.)

　　　　Orange County initiated a dependency proceeding on November 16, 1999. (Plaintiff SUF ¶ 37.) Rachel Davis, a County of Orange social worker, investigated the matter and preliminarily determined it was safe for Plaintiff and Kendall to remain with their mother. (Id. ¶¶ 33-34.) Davis submitted a report to the Dependency Court on December 21, 1999, recommending Plaintiff and Kendall remain with Deanna because of the strong bond between them. (Id. ¶¶ 36.)

　　　　Cary, the girls' father, was allowed only supervised visits with them. (Id. ¶ 39.) At times, the children refused to visit with Cary. (Id. ¶ 40.) Deanna was not comfortable "forcing" the visits. (Id. ¶ 41.) Davis devised a plan to deal with the issue. (Id. ¶ 42.) Deanna was to transport the children to visits with Cary, but the children would not be forced to visit with him. (Id.) If they did not want to visit with Cary, they would speak to the visitation monitor, Hector Delgadillo, alone. (Id.) At some point, Dr. Mitchell told Davis that Delgadillo had allowed Cary to pressure Kendall to recant her sexual abuse allegations against Cary during a monitored visit. (Id. ¶ 46.) Davis replaced Delgadillo with another visitation monitor. (Id. ¶ 47.)

　　　　On January 26, 2000, Davis told Deanna that the case was being handed over to a

---

[1] Consistent with the practice employed in dependency and family law matters, and in order to avoid confusion, the Court refers to the Hardwick parties by their first names. *See In re Marriage of Smith*, 225 Cal. App. 3d 469, 475, n.1 (1990).

[2] Defendants purport to dispute this assertion on the grounds that the state-court jury, discussed below, made no findings as to this fact. Defendants do not, however, controvert the evidence Plaintiff proffers in support of this fact.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 13-1390-JLS (ANx)　　　　　　　Date: April 10, 2015
Title: Preslie Hardwick v. County of Orange et al.

different social worker, Defendant Marcia Vreeken.  (Id. ¶ 48.)

On February 13, 2000, Deanna took the children to visit with Cary.  (Id. ¶ 50.)  Delgadillo was the visitation monitor.  (Id.)  Upon seeing him, Kendall reacted negatively and refused to visit with Cary.  Plaintiff saw Kendall's reaction and did the same.  (Id.)  Although the visit was unsuccessful, Deanna had followed Davis's instructions as to visitations.  (Id. ¶ 51.)

On February 15, 2000, Deanna brought Plaintiff and Kendall to visit Cary at the county social services office.  (Id. ¶ 54.)  The visit went well.  (Id.)  Immediately after the visit, Vreeken spoke with the children.  (Id. ¶ 55.)  Vreeken told Kendall that she "had" to visit with her father or a judge would take her away from Deanna and place her in a home.  (Plaintiff's Statement of Additional Facts, Doc. 51-1, ¶ 13.)  Kendall became frightened and started crying.  (Plaintiff SUF ¶ 57.) Plaintiff, who was also crying, found Deanna in another room and told Deanna what happened.  (Id. ¶ 59.)  Deanna became upset and began to cry.  (Id. ¶ 60.)  Defendant Wilkins arrived to find Preslie and Deanna crying.  (Id. ¶ 61.)  Vreeken and Kendall arrived next, with Kendall's face discolored and her eyes swollen.  (Id. ¶ 62.)  Vreeken blocked the doorway.  (Id. ¶ 63.)  Vreeken admitted that she "told [the girls] if they didn't visit with their father, the judge was going to put them in a home."  (Id. ¶ 65.)  Deanna asked: "Did I do something wrong?  I can't help but feel I'm being treated like I'm a criminal."  (Id. ¶ 69.)  Vreeken replied, "What's the matter?  Am I not warm and fuzzy enough for you?"  (Id. ¶ 70.)  Deanna told Vreeken, "I want to follow your directions.  I want to do what's right for my kids, and I don't want to lose them."  (Id. ¶ 71)  Vreeken replied, "You better call your attorney."  (Id.)

On February 17, 2000, Vreeken filed a report with the Dependency Court.  (Id. ¶ 72.)  The report made no mention of Vreeken's statement to Kendall or exchange with Deanna.  (Id.)  Vreeken's report did indicate, however, that Cary had expressed frustration that only eight of 28 scheduled phone calls and 11 of 17 scheduled visits had taken place.  (Id.)  Defendant Helen Dwojak, Vreeken's supervisor, approved the report.  (Id. ¶ 74.)  The Dependency Court held a hearing that same day, which it set because it had become "concerned about the level of visitation and some of the conflicts that were occurring between the parents regarding the children."  (Id. ¶ 75; *see also* Powell Decl.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  SACV 13-1390-JLS (ANx)                               Date:  April 10, 2015
Title:  Preslie Hardwick v. County of Orange et al.

Ex. R9 at 20, Doc. 38-2.)  The Dependency Court referee stated he had "read and considered" Vreeken's report.  (Plaintiff SUF ¶ 75.)  Vreeken did not tell the court that Deanna had fully complied with her obligations as to the children's visitation with Cary.  (Id. ¶¶ 9, 82; *see also* Powell Decl., Ex. Q8 at 1484, Doc. 38-9.)  Vreeken did, however, tell the court that Deanna had told the children that Cary was trying to take them away from her.  (Plaintiff SUF ¶ 82.)  Based on this information, the Dependency Court found that Deanna was "using these children" and that it was "of immediate and urgent necessity for the protection of these children that they be removed from [Deanna's] home."  (Id. ¶¶ 84-86.)   The Court ordered the children's "forthwith" removal.  (Id.)  They were removed from Deanna's care that day. (Id.)

In a February 23, 2000 filing with the Dependency Court, Vreeken repeated these allegations.  Vreeken wrote that "Elaine Wilkins, Social Worker I, heard [Deanna] tell the children that their father was trying to take them away from her and put the girls in a foster home."  (Id. ¶ 91.)  In addition, Vreeken reported to the Court that Deanna posed a "substantial danger" to the children.  (Id. ¶¶ 95-96.)

On March 1, 2000, Deanna met with Vreeken to discuss the possibility of getting her children back.  (Id. ¶ 105.)  Vreeken told Deanna "You'd better just submit to me or you won't see your children again."  (Id. ¶ 106.)  Shortly thereafter, Preslie was moved to foster care, where she remained until May 19, 2000.  (Id. ¶ 107.)

In February 2001, Deanna filed a lawsuit against Defendants in Orange Coty Superior Court alleging Defendants violated her constitutional right to familial association through the use of "intentional[ly] false statements," fabricated evidence, and "perjury" before the Dependency Court.  *See Fogarty-Hardwick v. Cnty. of Orange*, No. G039045, 2010 WL 2354383, at *6 (Cal. Ct. App. June 14, 2010).  Deanna also asserted the County had a policy of "deliberate indifference" to the rights of parents in her situation, and as a result of that policy, the County failed to supervise, control or direct the conduct of its social workers.  *Id.*  On March 23, 2007, the jury found in Deanna's favor, finding Vreeken and Dwojak "intentionally violate[d] [her] right to familial association or right to privacy," that they did so "while acting or purporting to act in the performance of their official duties," and that their conduct was a substantial factor in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 13-1390-JLS (ANx)          Date: April 10, 2015
Title: Preslie Hardwick v. County of Orange et al.

causing harm to Deanna. *Id.* In a separate special verdict form the jury concluded that Vreeken and Dwojak's conduct occurred "as a result of the official policy or custom of the County of Orange," that the County was "deliberately indifferent to the need to train and/or supervise its employees adequately," and that failure was both the cause of Deanna's loss of familial association and a substantial factor in causing harm to her. Finally, the jury found that both Vreeken and Dwojak acted with "malice, oppression or fraud." *Id.* In all, the jury awarded Deanna $2,260,785 in damages.

Defendants appealed the action, first to the California Court of Appeal, then to the California Supreme Court, which denied review on September 21, 2010, and United States Supreme Court, which denied certiorari on April 18, 2011. (Doc. 38-2 Exs. L, P.)

On September 6, 2013, Plaintiff filed this action against Defendants, asserting claims for (1) violation of her civil rights by the individual Defendants under 42 U.S.C. § 1983; (2) violation of her civil rights by the County of Orange under 42 U.S.C. § 1983 (*Monell*); and (3) declaratory relief. (Compl., Doc. 1.)

Both sides now move for summary judgment as to the entire action.

## II.     <u>LEGAL STANDARD</u>

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d 1075, 1079-80 (9th Cir. 2004) ("Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (quoting Fed. R. Civ. P. 56(c))). "A dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Freecycle Sunnyvale v. Freecycle Network*, 626 F.3d 509, 514 (9th Cir. 2010) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" when its resolution "'might affect the outcome of the suit under the governing law.'" *George v. Morris*, 736 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  SACV 13-1390-JLS (ANx)          Date:  April 10, 2015
Title:  Preslie Hardwick v. County of Orange et al.

829, 834 (9th Cir. 2013) (quoting *Anderson*, 477 U.S. at 248).

      The moving party bears the initial burden of identifying "'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *Federal Trade Comm'n v. Stefanchik*, 559 F.3d 924, 927 (9th Cir. 2009) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted)).  "Once the moving party meets its initial burden, however, the burden shifts to the non-moving party to set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial." *Horphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007) (quotation marks and citation omitted).  To defeat a motion for summary judgment, the non-moving party "must 'do more than simply show that there is some metaphysical doubt as to the material facts.'" *Sluimer v. Verity, Inc.*, 606 F.3d 584, 586 (9th Cir. 2010) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).  Furthermore, the non-moving party may not rely on "conclusory allegations" or "mere speculation." *Rogers v. Giurbino*, No. 11cv0560, 2013 WL 692961, at *14 (S.D. Cal. Feb. 26, 2013).  Rather, the "non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Anderson*, 477 U.S. at 252).

      In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant.  *See Anderson*, 477 U.S. at 255.  However, "'credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" *Acosta v. City of Costa Mesa*, 718 F.3d 800, 828 (9th Cir. 2013) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).  The role of the court is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 13-1390-JLS (ANx)  Date: April 10, 2015

Title: Preslie Hardwick v. County of Orange et al.

### III.  DISCUSSION

In her Motion, Plaintiff contends the jury verdict in Deanna's state-court action against Defendants collaterally estops Defendants from contesting their liability here.[3] Defendants contend collateral estoppel does not bar them from litigating their liability as to Plaintiff.

In their Motion, Defendants contend Plaintiff's Section 1983 claims against them are barred by either absolute or qualified immunity.  Defendants further contend Plaintiff's *Monell* claim against the County fails for lack of evidence.  Finally, Defendants contend Plaintiff's claim for declaratory relief is duplicative of her other claims and should be dismissed on that basis.

The Court considers the parties' contentions in turn.

#### A.  Collateral Estoppel as to Defendants' Liability

Plaintiff argues Defendants are barred by the doctrine of collateral estoppel from litigating their liability to Plaintiff because the state-court jury already found them liable to Deanna on the same claims.

To successfully invoke collateral estoppel, the party seeking to assert it must show all of the following:

> (1) the issue is identical to that decided in the former proceeding, (2) the issue was actually litigated in the former proceeding, (3) the issue was necessarily decided in the former proceeding, (4) the decision in the former proceeding is final and on the merits, and (5) preclusion is sought against a person who was a party or in privity with a party to the former proceeding.

---

[3] Plaintiff does not seek summary judgment on this basis as to Defendant Wilkins, whom the state court jury found not liable as to all of Deanna's claims.  (*See* Hardwick MSJ at 13-21.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  SACV 13-1390-JLS (ANx)                               Date:  April 10, 2015
Title: Preslie Hardwick v. County of Orange et al.

*Castillo v. City of Los Angeles*, 92 Cal. App. 4th 477, 481 (2001) (citing *Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990)).

      Plaintiff's argument fails on the first element.  As Defendants note, the state-court proceedings dealt exclusively with the deprivation of *Deanna*'s rights to familial association with her daughter.  Thus, the jury found only that the individual Defendants violated *Deanna*'s "right of familial association or right of privacy," and that the individual Defendants' conduct was "a substantial factor in causing harm to *Deanna* . . . ."  (Verdict Forms, Doc. 38-1, Ex. B, at 7, 11, 13; *see also* Jury Instructions, Doc. 49-7, Ex. Z, at 2174-75.)  The parties at no point litigated the issue of the deprivation of *Plaintiff's* rights or the harm suffered by her.  Thus, Plaintiff cannot show that the issues presented by this case are "identical" to those presented in Deanna's.  *Castillo*, 92 Cal. App. 4th at 481.

      Plaintiff argues in reply that this is a distinction without a difference because parents and children enjoy the same constitutional right to familial association.  Thus, Plaintiff argues, the jury's finding that Defendants violated Deanna's familial association rights necessarily means Plaintiff's were, too.  At most, however, Plaintiff demonstrates only that the Plaintiff and Deanna's constitutional claims should be litigated *under the same standard*.  *See Wallis v. Spencer*, 202 F.3d 1126, 1137 n.8 (9th Cir. 2000) ("As the same legal standard applies in evaluating Fourth and Fourteenth Amendment claims for the removal of children, we analyze the [] claims together.").  This is hardly equivalent to showing that Plaintiff's rights were *in fact* litigated in the state-court action.  "The application of the doctrine of collateral estoppel depends on whether the issue in both actions is the same, not whether the issue arises in the same context."  *First N.B.S. Corp. v. Gabrielsen*, 179 Cal. App. 3d 1189, 1195-96 (1986).  While the issues in the state-court action and this one are closely related, the state-court jury had no occasion to consider or make factual findings as to any harm incurred by Plaintiff.  The Court therefore does not find that the "precise question" presented in this case "was raised and determined in the former suit."  *Shopoff & Cavallo LLP v. Hyon*, 167 Cal. App. 4th 1489, 1520 (2008).

      The result is the same as to Plaintiff's *Monell* claim against the County.  Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 13-1390-JLS (ANx)          Date: April 10, 2015
Title: Preslie Hardwick v. County of Orange et al.

argues collateral estoppel is appropriate because the state-court jury found (1) the individual Defendants' conduct occurred "as a result of the official policy or custom of the County of Orange," (2) that the County's "training or supervision was inadequate to train and/or supervise its employees . . .," (3) the County was "deliberately indifferent to the need to train and/or supervise its employees adequately," and (4) that this "failure to provide proper training and/or supervision was the cause of the deprivation of Deanna's right of familial association." (Plaintiff MSJ at 19.) Again, however, the jury found that the "County of Orange's failure to adequately train and/or supervise its employees [was] a substantial factor in causing *harm to plaintiff*" – there, Deanna. (Verdict Forms at 14-15; *see also* Jury Instructions at 2176-81.) Thus, for the reasons already stated, the Court finds the "precise question" presented here against the County was not "raised and determined in the former suit." *Shopoff*, 167 Cal. App. 4th at 1520.

Accordingly, the Court DENIES Plaintiff's Motion as to her claim that Defendants are collaterally estopped from litigating the issue of liability in this action.

### B. <u>Absolute Immunity</u>

In their Motion, Defendants argue that Plaintiff's Section 1983 claims are barred under the doctrine of absolute immunity. Plaintiff argues Defendants are collaterally estopped from litigating the issue of absolute immunity and that, in any case, qualified immunity does not apply.

Plaintiff's collateral estoppel argument is a nonstarter. As noted above, collateral estoppel applies only where an issue has been "actually litigated" to a final conclusion on the merits. *Castillo*, 92 Cal. App. 4th at 481; *Gottlieb v. Kest*, 141 Cal. App. 4th 110, 148 (2006) (citing *People v. Carter* 36 Cal. 4th 1215, 1240 (2005)). Here, both the trial and appellate court found Defendants waived the defense of absolute immunity. *See Fogarty-Hardwick*, 2010 WL 2354383 at *12. Thus, the state court never considered the merits of Defendants' absolute immunity defense. The Court therefore declines to collaterally estop Defendants from asserting it here.

Nevertheless, this defense fails on the merits. The Ninth Circuit has "recognized

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  SACV 13-1390-JLS (ANx)                                Date:  April 10, 2015
Title:  Preslie Hardwick v. County of Orange et al.

absolute immunity for social workers . . . for the discretionary, quasi-prosecutorial decisions to *institute* court dependency proceedings to take custody away from parents." *Miller v. Gammie*, 335 F.3d 889, 989 (9th Cir. 2003) (emphasis added).  Because social workers' "responsibility for bringing dependency proceedings, and their responsibility to exercise independent judgment in determining when to bring such proceedings, is not very different from the responsibility of a criminal prosecutor," the Ninth Circuit has reasoned that absolute immunity is necessary so that social workers do not perform their duties "constantly in fear that a mistake could result in a time-consuming and financially devastating civil suit."  *Meyers v. Contra Costa County Dept. of Social Services*, 812 F.2d 1154, 1157 (9th Cir. 1987).  However, the "scope of absolute immunity for social workers is extremely narrow."  *Miller*, 335 F.3d at 898.  Absolute immunity does not extend to the fabrication of evidence during an investigation or the inclusion of false statements in dependency petitions signed under penalty of perjury.  *Beltran v. Santa Clara County*, 514 F.3d 906, 908 (2008).  Here, Plaintiff does not assert that Defendants' *institution* of a dependency proceeding violated her rights; rather, she asserts Defendants' fabrication of evidence, among other things, led to the violation of her constitutional rights.  Because Plaintiff's claims do not turn on Defendants' institution of dependency proceedings against her, absolute immunity does not apply.

Accordingly, Plaintiffs' Motion is DENIED as to collateral estoppel of Defendants' assertion of absolute immunity.  Defendants' Motion is DENIED as to the defense of absolute immunity.

### C.  Qualified Immunity

Defendants next argue Hardwick's Section 1983 claims against them are barred under the doctrine of qualified immunity.  Plaintiff argues Defendants are collaterally estopped from litigating the issue of qualified immunity and that, in any case, qualified immunity does not apply.

Here, the Court finds collateral estoppel is appropriate.  All of the element are met: This issue was actually litigated in the prior proceeding, where Defendants raised the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  SACV 13-1390-JLS (ANx)                                            Date:  April 10, 2015
Title:  Preslie Hardwick v. County of Orange et al.

issue both at the trial court and on appeal; its resolution was indisputably necessary to the ruling in favor of Deanna; the state courts' decisions have long since become final; and preclusion is sought against the same parties as in the last proceeding.  *Castillo*, 92 Cal. App. 4th at 481.  Moreover, the issue presented here is identical to the issue presented in the state-court case; rather than depending on a finding of harm to a specific plaintiff, the qualified immunity analysis focuses on Defendants' actions alone, and thus remains unchanged.  Thus, the state courts' conclusion on the issue controls here:

> [T]he essence of the federal defense of qualified immunity is the *reasonableness*, or "good faith," of the defendant's conduct.  The defense is applicable in situations where defendants establish that their actions, even if harmful to plaintiff's constitutional rights, were nonetheless carried out in good faith.  As explained by the Supreme Court, "[q]ualified or 'good faith' immunity is an affirmative defense that must be pleaded by a defendant official.  Decisions of this Court have established that the 'good faith' defense has both an 'objective' and a 'subjective' aspect.  The objective element involves a presumptive knowledge of and respect for 'basic, unquestioned constitutional rights.' . . .  The subjective component refers to 'permissible intentions.' . . .  Characteristically the Court has defined these elements by identifying the circumstances in which qualified immunity would *not* be available.  Referring both to the objective and subjective elements, we have held that qualified immunity would be defeated if an official '*knew or reasonably should have known* that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff], *or* if he took the action *with the malicious intention* to cause a deprivation of constitutional rights or other injury . . .'"

> In this case, the jury specifically concluded that Vreeken and Dwojak lied, falsified evidence, and suppressed exculpatory evidence – all of which was material to the dependency court's decision to deprive [Deanna] of custody

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  SACV 13-1390-JLS (ANx)            Date:  April 10, 2015
Title:  Preslie Hardwick v. County of Orange et al.

> – and that they did so with malice.  These findings are clearly sufficient to satisfy the Supreme Court's definition of circumstances in which "qualified immunity would *not* be available."

*Fogarty-Hardwick*, 2010 WL 2354383 at *14 (final emphasis in original) (internal citations omitted).

      Defendants argue the state court's finding on this issue is not controlling here because of intervening changes in the law.  Specifically, Defendants argue that the Ninth Circuit's decision in *Costanich v. Department of Social and Health Services*, which was handed down after the state court's decision in Deanna's case, established that the misconduct alleged here – concealing evidence, misleading the Dependency Court, falsifying evidence, giving false testimony, failing to divulge exculpatory evidence, and committing perjury – did not violate "clearly established" constitutional rights at the time it occurred.

      In *Costanich*, the plaintiff claimed the state social worker defendants violated her Fourteenth Amendment due process rights by depriving her of liberty and property interests in her foster care license and dependency guardianship of two minors. *Costanich v. Dep't of Soc. & Health Servs*, 627 F.3d 1101, 1107 (9th Cir. 2010).  The plaintiff claimed, among other things, that a state investigator had fabricated evidence submitted in connection with child abuse proceedings against the plaintiff.  The Ninth Circuit first held that under existing precedent, "the right not to be accused based upon deliberately fabricated evidence is sufficiently obvious . . . that government officials are on notice that deliberately falsifying information during civil investigations which result in the deprivation of protected liberty or property interests may subject them to § 1983 liability."  *Id*. at 1115.  The Ninth Circuit went on to hold, however, that "given the distinctions between *criminal prosecutions and civil foster care proceedings*, we cannot say that this right was clearly established as of 2001, when the conduct at issue in this case occurred."  *Id*. (emphasis added).  Defendants argue that under *Costanich*, Plaintiff cannot claim that her right against such misconduct was clearly established in 2000, when the alleged misconduct in this case occurred.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  SACV 13-1390-JLS (ANx)                                  Date:  April 10, 2015
Title:  Preslie Hardwick v. County of Orange et al.

Defendants overlook an older Ninth Circuit case, *Greene v Camreta*.  588 F.3d 1011 (9th Cir. 2009), *vacated in part on other grounds by Camreta v. Greene*, 131 S. Ct. 2020 (2011).  There, the plaintiff alleged her children were removed from her custody "pursuant to a Juvenile Court order triggered by an intentional misrepresentation" in an affidavit by the defendant social worker.  *Id*. at 1033.  The Ninth Circuit held that the plaintiff's "right to be free from deception in the presentation of evidence during a protective custody proceeding was clearly established at the time [defendant] filed his affidavit with the Juvenile Court" in 2000.  *Id*. at 1035.  Moreover, *Greene* reached this conclusion on the basis of previous case law establishing the basic "constitutional right to be free from the knowing presentation of false or perjured evidence."  *Id*. (citations omitted).

To be sure, these cases are difficult to reconcile, a task made more difficult because *Costanich* fails to distinguish or otherwise reference *Greene*.  *See Mann v. Cnty. of San Diego*, No. 3:11-CV-0708-GPC-BGS, 2013 WL 4046642, at *13 (S.D. Cal. Aug. 8, 2013 (finding *Greene* "at apparent odds with the *Costanich* holding that the similar right to be free from fabrication and/or falsification of evidence in a civil proceeding was not clearly established until 2010," and distinguishing the cases because *Costanich* "addressed the intentional fabrication and falsification of documents submitted in civil child abuse proceedings, while the Greene case more specifically addressed the deception of a juvenile court in obtaining a protective custody order").  Nevertheless, the Court finds *Greene* more closely on point, in that it (1) involved the removal of a child from its biological parent rather than the unique context of termination of a foster care license, and (2) considered the broad right to be "free from deception in the presentation of evidence" rather than the narrower right against "deliberately falsif[ied] information during civil investigations" considered in *Costanich*.[4]  Thus, the Court does not find

---

[4]  Defendants argue Greene is inapposite because Plaintiff's removal was "not the result of any order sought by Defendants."  (Mot. at 15.)  They note that their February 17, 2000 report did not recommend Plaintiff's removal.  (Id.; *see* Defendants' SUF ¶ 11.)  This at least poses a factual dispute for the factfinder's resolution, however, given that (1) the Dependency Court's decision

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 13-1390-JLS (ANx)                           Date: April 10, 2015
Title: Preslie Hardwick v. County of Orange et al.

*Costanich* changed the law relevant to this case, as Defendants argue.

In sum, the Court finds Defendants are collaterally estopped from re-litigating the issue of qualified immunity in this Court, and that *Costanich* did not change the law such that collateral estoppel would no longer apply.[5] Moreover, for the reasons already noted, even if the Court did consider the issue anew, it would not find the defense of qualified immunity available to Defendants on the alleged facts.

Accordingly, Plaintiff's Motion is GRANTED and Defendants' Motion is DENIIED as to the issue of qualified immunity.

### D.      Evidentiary Support for Plaintiff's *Monell* Claim

Defendants next argue Plaintiff's *Monell* claim against the County fails for lack of evidence.  (Defendants MSJ at 20-24.)

Under *Monell*, a municipality cannot be held liable for constitutional injuries inflicted by its employees on a theory of *respondeat superior*.  *Monell*, 436 U.S. 658, 691 (1978).  "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."

---

was informed by an off-the-record colloquy with Vreeken (Plaintiff SUF ¶ 75); (2) there is evidence that this colloquy "triggered" Plaintiff's removal (Plaintiff SGIF ¶¶ 47, 48); and (3) at least one subsequent report Vreeken filed with the Dependency Court *did* recommend Plaintiff's continued detention in foster care.  (February 23 Report, Doc. 38-13, Ex. R-6.)  Thus, the Court does not find *Greene* distinguishable on this basis.

[5] The Court does not address Defendants' meritless argument that *Ashcroft v. al-Kidd* and *Reichle v. Howards* also changed the law such that collateral estoppel does not apply.  These cases did not, as Defendants suggest, *introduce* the concept that a constitutional right must be "clearly established at the time of the challenged conduct," as Defendants suggest.  *See, e.g.*, *Siegert v. Gilley*, 500 U.S. 226, 231 (1991) (noting that a court considering the issue of qualified immunity must consider "not only the currently applicable law, but whether that law was clearly established at the time an action occurred").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  SACV 13-1390-JLS (ANx)                                                  Date:  April 10, 2015
Title:  Preslie Hardwick v. County of Orange et al.

*Id.* at 694.  A plaintiff seeking to establish municipal liability under section 1983 may do so in one of three ways: 1) the plaintiff may demonstrate that a municipal employee committed the alleged constitutional violation "pursuant to a formal governmental policy or longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity;" 2) the plaintiff may demonstrate that the individual who committed the constitutional violation was an official with "final policy-making authority and that the challenged action itself thus constituted an act of official government policy;" or 3) the plaintiff may demonstrate that "an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992) (quotation marks omitted).

      Plaintiff's Opposition does not make clear the theory on which she proceeds. Plaintiff states that "[t]he California Court of Appeals already ruled" in her favor as to her *Monell* claim and cites the following portion of that court's opinion:

> [T]he County supports its attack on the substantial evidence with nothing more than a bare assertion that [Deanna] "did not prove or submit evidence to show a municipal policy that condoned or encouraged lying or fabricating evidence."  The assertion is then followed by an intriguing acknowledgment that [Deanna] "may point to defendants' requests for admission that the social workers acted pursuant to municipal policy or custom" in support of the contention that such policies existed . . .
> . . .
> Assuming, as the County states, it represented in discovery that its social workers (whom the jury concluded had lied and fabricated evidence) "acted pursuant to municipal policy and custom," that admission would be sufficient to sustain the challenged finding.

(Plaintiff Opp. at 24 (citing *Fogarty-Hardwick*, 2010 WL 2354383 at *14).)  Plaintiff then cites to those requests for admission.  (Plaintiff Opp. at 24.)  In them, Defendants admitted that they were following established policies and customs in handling Plaintiff's

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  SACV 13-1390-JLS (ANx)            Date:  April 10, 2015
Title:  Preslie Hardwick v. County of Orange et al.

case.  (Plaintiff's SGIF, Doc. 51-1, ¶ 53.)

These items, taken together, fail to create a triable issue of fact as to the County's *Monell* liability.  The County's responses to the Requests for Admission demonstrate that it was following *some* policy; Plaintiff fails to produce any admissible evidence, however, setting forth what that policy might have *been* or showing that it was an unlawful one.  Plaintiff's citation to the California Court of Appeal decision is of no help.  First, the passage cited by Plaintiff is dicta; the court in fact affirmed the County's *Monell* liability because the County failed to adequately brief its argument that the jury's verdict was based on insufficient evidence.  *Fogarty-Hardwick*, 2010 WL 2354383, at *14.  In any case, an appellate court's recitation of facts when reviewing a trial court's verdict for sufficiency of the evidence does not *itself* constitute admissible factual evidence in a separate case.  *Cf. People v. Barragan*, 32 Cal. 4th 236, 246 (2004) (noting that the law of the case doctrine "applies only to an appellate court's decision on a question of law; it does not apply to questions of fact").

Because Plaintiff has failed to set forth a material dispute of fact, supported by evidence in the record, that would support liability against the County under a *Monell* theory, Defendants' Motion is GRANTED as to this claim.

### E.     Plaintiff's Declaratory Relief Claim

Defendants finally move for summary judgment as to Plaintiff's claim for declaratory relief because declaratory relief is inappropriate where other remedies are available.  (Defendants MSJ at 24-25.)

Plaintiff does not address Defendants' argument in her opposition.  (*See generally* Plaintiff Opp.)  The Court agrees with Defendants that Plaintiff's claim for declaratory relief is duplicative with her other claims and will not afford her any relief she will not receive if successful on her Section 1983 claims.  *See United States v. Wash.*, 759 F.2d 1353, 1357 (9th Cir. 1985) (finding declaratory relief inappropriate if it will "neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 13-1390-JLS (ANx)  Date: April 10, 2015

Title: Preslie Hardwick v. County of Orange et al.

parties"); *Cordero v. Bank of Am. N.A.*, No. CV 11-08921 DDP (MRWx), 2013 WL 589185, at *5 (C.D. Cal. Feb. 14, 2013) (dismissing declaratory relief claim with prejudice as "duplicative of and commensurate with relief Plaintiff seeks through her other causes of action").

Accordingly, the Court GRANTS Defendants' Motion as to Plaintiff's claim for declaratory relief.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's and Defendants' Motions are GRANTED IN PART and DENIED IN PART. Plaintiff's Motion is GRANTED as to collateral estoppel on the issue of qualified immunity and DENIED as to collateral estoppel on the issues of Defendants' liability and absolute immunity. Defendants' Motion is GRANTED as to Plaintiff's *Monell* and declaratory relief claims and DENIED as to the defenses of absolute and qualified immunity.

Initials of Preparer:  tg