UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:13-cv-01390-JLS-AN                                   Date: August 11, 2021
Title:  Preslie Hardwick v. County of Orange et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                            Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING MOTION TO RETAX COSTS (Doc. 208)**

   Before the Court is Plaintiff Preslie Hardwick's Motion to Retax Costs.  (Mot., Doc. 208.)  Defendants opposed, and Plaintiff replied.  (Opp., Doc. 210; Reply, Doc. 211).  The Court finds this matter appropriate for decision without oral argument, and the hearing set for August 13, 2021, at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  For the following reasons, the Court GRANTS Plaintiff's Motion.

**I.    BACKGROUND**

   This is a post-appeal motion to retax costs awarded to Defendants (Appellees).  On November 18, 2020, the Ninth Circuit affirmed this Court's holding that Plaintiff could not invoke issue preclusion to prevent Defendants from relitigating Fourth and Fourteenth Amendment violations arising from Plaintiff's removal from her mother's custody.  (Opinion, Doc. 201.)  The Ninth Circuit denied Plaintiff's petition for rehearing and the mandate issued on January 27, 2021.  (Mandate, Doc. 202.)
   Defendants subsequently filed an Application to the Clerk to Tax Costs, seeking to recover the costs for trial transcripts in the district court litigation.  (App., Doc. 203.)  Plaintiff objected to the Application (Obj., Doc. 204), and Defendant responded.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:13-cv-01390-JLS-AN                                   Date: August 11, 2021
Title:  Preslie Hardwick v. County of Orange et al

(Response, Doc. 205.)  The Clerk granted Defendants' Application and taxed costs in the amount of $9,552.42 in favor of Defendants and against Plaintiff.  (Bill of Costs, Doc. 207.)

Plaintiff then filed the instant motion to re-tax costs, arguing that Defendants should not be awarded costs for the trial transcripts because Defendants have failed to demonstrate that the transcripts were needed to determine the appeal.  (Mot.)

## II.  LEGAL STANDARD

Federal Rule of Appellate Procedure 39 "creates a cohesive scheme for taxing appellate costs."  *City of San Antonio, Texas v. Hotels.com, L. P.*, 141 S. Ct. 1628, 1633, 209 L. Ed. 2d 712 (2021).  "The general rule on the taxation of costs is that the district court has discretion to fix the costs." *Johnson v. Pacific Lighting Land Co.*, 878 F.2d 297, 298 (9th Cir. 1989).  "This discretion applies equally to costs sought under Rule 39 or Rule 54, but 'does not include the authority to tax costs beyond those authorized by statute.'"  *Hollowell v. Kaiser Found. Health Plan of the Nw.*, No. 3:12-CV-2128-AC, 2017 WL 4227951, at *1 (D. Or. Aug. 31, 2017), *report and recommendation adopted sub nom. Hollowell v. Kaiser Found. Health Plan of Nortwest*, No. 3:12-CV-2128-AC, 2017 WL 4227933 (D. Or. Sept. 22, 2017) (quoting *Johnson*, 878 F.2d at 298).

Rule 39 provides that, "unless the law provides or the court orders otherwise . . . if a judgment is affirmed, costs are taxed against the appellant."  Fed. R. App. P. 39(a)(2).  Rule 39(e) identifies four categories of appellate costs that "are taxable in the district court":

> (1) the preparation and transmission of the record;
> (2) the reporter's transcript, if needed to determine the appeal;
> (3) premiums paid for a bond or other security to preserve rights pending appeal; and
> (4) the fee for filing the notice of appeal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:13-cv-01390-JLS-AN                                    Date: August 11, 2021
Title:  Preslie Hardwick v. County of Orange et al

Fed. R. App. P. 39(e).  Under the Central District of California's Local Rules, "[a]n application to tax costs on appeal that are taxable in the District Court under F.R.App.P. 39(e) shall be filed in the District Court no later than twenty-eight (28) days after the date the mandate or judgment is issued by the Court of Appeals."  C.D. Cal. L.R. 54-4.  "After considering any objections to the proposed bill of costs and any responses thereto, the Clerk will electronically file the bill of costs annotated to identify all taxed costs.  The Clerk's determination shall be final unless modified by the Court upon review[.]"  C.D. Cal. L.R. 54-2.4.  "A party may seek review of the Clerk's taxation of costs by filing and serving a motion to retax costs within seven (7) days of the Clerk's decision."  L.R. 54-2.5.

## III.     REQUEST FOR JUDICIAL NOTICE

In support of their Application to Tax Costs, Defendants submitted a Request for Judicial Notice of the following documents: (1) Ninth Circuit's Opinion Affirming Judgment on Appeal (Doc. 206-1); (2) Order Denying Petition for Rehearing (Doc. 206-2); (3) Plaintiff's Opening Brief on Appeal (Doc. 206-3); (4) Defendants' Motion to Amend Transcript (Doc. 206-4); and (5) Jan. 31, 2018 Order to Include Transcripts (Doc. 206-5).  (Request for Judicial Notice, Doc. 206.)  In their Opposition, they renew the request and ask the Court to take judicial notice of the same documents and on the same grounds.  (Opp. at 2 n.1.)  Plaintiff does not oppose.  The Court GRANTS Defendants' request not for the truth of the contents of the documents, but simply to identify the issues on appeal.  *See* Fed. R. Evid. 201(b).
For the same reason, the Court grants Plaintiff's request to take judicial notice of Defendants' Answering Brief in the appeal.  (Def. Answering Brief, Powell Decl. Ex. A, Doc. 208-2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:13-cv-01390-JLS-AN                                                           Date: August 11, 2021
Title:  Preslie Hardwick v. County of Orange et al

### IV.   DISCUSSION

Plaintiff argues that the Clerk's taxation of costs in the amount of $9,552.42 was improper under Rule 39(e) because the trial transcripts were not "needed to determine the appeal."  (Mot. at 2.)

Resolving the question of whether the trial transcripts were "needed to determine the appeal" requires a brief summary of the underlying history of this action.  After a juvenile court ordered Plaintiff's removal from her mother's custody, Plaintiff's mother brought a state court action in 2001 against Orange County and County social workers, arguing that the defendants violated her constitutional right to familial association. (Opinion at 4.)  The state court case proceeded to trial, and the jury returned a verdict in favor of Plaintiff's mother and awarded damages.  (*Id.* at 4–5.)  Specifically, the state court jury found that Defendants violated Plaintiff's mother's right to familial association or privacy.  (*Id.* at 8.)

Plaintiff subsequently filed the instant federal action in 2013 against the same defendants, alleging that Defendants violated her Fourteenth Amendment right to familial association and her Fourth Amendment right against wrongful seizure.  (*Id.* at 5.)  In a motion for summary judgment, Plaintiff argued that, in light of the prior state court case, Defendants were precluded from litigating the issue of whether Defendants violated Plaintiff's right of familial association; because parents and children enjoy the same constitutional right to familial association, Plaintiff argued, "the jury's finding that Defendants violated [Plaintiff's mother's] familial association rights necessarily means Plaintiff's were, too."  (MSJ Order at 8.)  This Court concluded that Plaintiff could not invoke issue preclusion, because the rights at issue in the mother's state court case and Plaintiff's federal case were not identical.[1]  (MSJ Order, Doc. 68 at 7–9.)  Plaintiff's claims were tried before a jury, and the jury returned a verdict in favor of Defendants.

---

[1] The Court also granted summary judgment in favor of Defendants on Plaintiff's *Monell* claim but rejected Defendants' argument that they were entitled to absolute or qualified immunity. (Opinion at 10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:13-cv-01390-JLS-AN                                    Date: August 11, 2021
Title:  Preslie Hardwick v. County of Orange et al

(*Id.*)  On appeal, Plaintiff challenged only this Court's summary judgment ruling that Plaintiff could not invoke issue preclusion to bar Defendants from relitigating Plaintiff's familial association and *Monell* claims.  (*Id.*)

The Court agrees with Plaintiff that the transcripts of the federal trial were not needed to determine the subsequent appeal and therefore should not have been taxed under Rule 39(e).  This Court's determination was made at the summary judgment stage, before any trial had occurred, and was based on the rationale that "the state-court proceedings dealt exclusively with the deprivation of [*Plaintiff's mother's*] rights to familial association with her daughter. . . . The parties [in the state court action] at no point litigated the issue of the deprivation of *Plaintiff's* rights or the harm suffered by her."  (MSJ Order at 8.)  The Ninth Circuit, in affirming the Court's decision, reasoned that the jurors in the state case were asked to decide whether the individual Defendants had violated the mother's "right to familial association *or* right to privacy," and the panel therefore could not "conclude that the jury actually decided that [Plaintiff's mother's] right to familial association was violated."  (Opinion at 16.)  Neither holding required the transcripts of the entire federal trial, and Defendants point to no place in their briefing on appeal or in the Ninth Circuit's opinion citing to the trial transcripts.

Defendants nonetheless contend that Plaintiff herself "placed the transcripts at issue" in the appeal (Opp. at 2), based on the statement in Plaintiff's Opening Brief that "[t]he facts, the evidence, and the arguments advanced in [Plaintiff's mother's] proceedings on the question of Defendants' liability are *identical* to those advanced in [Plaintiff's] proceedings."  (Pl. Opening Brief at 20–21, RJN Ex. D, Doc. 206-3.)  But this single sentence, removed from context, does not demonstrate that the trial transcripts were needed to determine the appeal.  As noted above, Plaintiff challenged only the district court's holding, at the summary judgment stage, that she could not invoke issue preclusion against Defendants based on her mother's state court proceedings.  (Pl. Opening Brief at 12–13.)  Although Defendants argue that they moved to include the trial transcripts in the record based on Plaintiff's Opening Brief, Defendants do not point the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:13-cv-01390-JLS-AN	Date: August 11, 2021
Title:  Preslie Hardwick v. County of Orange et al

Court to any place in their Answering Brief or in the final Opinion relying on the transcripts.[2]

Second, Defendants argue that they moved to amend the record on appeal to include the trial transcripts, Plaintiff did not oppose that motion, and the Ninth Circuit granted their motion.  (Opp. at 5–6; Def. Mot. to Amend Transcript, RJN Ex. D, Doc. 206-4; Order Granting Mot. to Amend Transcript, RJN Ex. E, Doc. 206-5.)  But although Defendants argue that "this Court need not take Defendants' word for it – the Ninth Circuit granted Defendants' Motion to Augment the Record on Appeal" (Opp. at 6), Defendants neither argue nor cite to anything suggesting that the granting of this motion involved a determination that the trial transcripts were necessary to the appeal.  Nor is such a finding evident from the Ninth Circuit's Order granting the motion.  (Order Granting Mot. to Amend Transcript.)  The Court also rejects the suggestion that, because Plaintiff did not oppose Defendants' motion to amend the record at the time, Plaintiff somehow conceded the necessity of the transcripts.  (*See* Opp. at 3.)  Whether Plaintiff opposed the request to include the transcripts has no bearing on the question of whether the trial transcripts were needed for the appeal and whether Plaintiff should now pay those costs.

**V.	CONCLUSION**

For the above reasons, Plaintiff's Motion is GRANTED.  It is ORDERED that the costs Plaintiff seeks to retax in their Motion (Bill of Costs, Doc. 207) be retaxed at $0.00.

Initials of Deputy Clerk: mku

---

[2] To the extent the Opinion referenced the jury instructions given to the jurors, these instructions are issued separately on the trial court docket (Jury Instructions, Doc. 160) and the trial transcripts were not needed for this purpose.